IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BANK OF AMERICA,              )
                              )
              Plaintiff,      )
                              )
       v.                     )              1:26cv77
                              )
JARREL MAPP,                  )
                              )
              Defendant.      )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion to remand by Plaintiff Bank of America (the "Bank"). (Doc. 10.) Defendant Jarrel Mapp has filed a response in opposition (Doc. 12), to which Plaintiff has replied (Doc. 13). Mapp has also filed a surreply, although without court permission. (Doc. 14.) The motion is fully briefed and ready for resolution.

For the following reasons, the motion will be granted, the case will be remanded, and the court will require Mapp to show cause within 14 days why his frivolous removal and briefing has not violated Rule 11(b)(2) of the Federal Rules of Civil Procedure and why he should not be sanctioned accordingly. Further, because a party may receive "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c), the court shall grant the Bank 14 days, if it so elects, within which to file an appropriate motion for costs and expenses,

supported by affidavit and timekeeping records.

## I.   BACKGROUND

The Bank commenced this action against Mapp on July 24, 2025, in the General Court of Justice, District Court Division, of Guilford County, North Carolina.  (Doc. 4.)  The complaint seeks collection of $4,732.70 allegedly owed by Mapp on a credit account, along with post-judgment interest and costs.  (See id.)  Mapp filed a petition for removal on January 21, 2026, "due to State Court lacking subject-matter jurisdiction to adjudicate Mapp's Counterclaim and Answer."[1]  (Doc. 2.)

On February 10, 2026, Mapp filed an answer to the complaint and asserted a counterclaim against the Bank, charging violations of federal banking laws, among other things.

On April 7, 2026, the Bank moved to remand the case, contending that the court lacks subject matter jurisdiction over the case. (Docs. 10, 11.)  Mapp filed a response (Doc. 12), and the Bank filed a reply (Doc. 13).  Mapp thereafter filed a surreply.  (Doc. 14.) The motion is ready for decision.

## II.  ANALYSIS

Mapp appears pro se.  Thus, the court does not scrutinize his filings "with such technical nicety that a meritorious claim should

---

[1] Mapp erroneously contends that his counterclaim (not filed until after removal) seeking $143,000, which exceeds the jurisdiction of the North Carolina District Court, is a basis for lack of state court subject matter jurisdiction.  (Doc. 12 at 13.)

2

be defeated." <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978). But the liberal construction of a pro se litigant's filing does not require the court to ignore clear defects in it. <u>Bustos v. Chamberlain</u>, No. 09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009). Or to become an advocate for the pro se party. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990); <u>see also</u> <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers"). Moreover, pro se parties are expected to comply with applicable procedural rules. <u>See</u> <u>Chrisp v. Univ. of N.C.-Chapel Hill</u>, 471 F. Supp. 3d 713, 715-16 (M.D.N.C. 2020) (requiring pro se plaintiff to comply with the Federal Rules of Civil Procedure); M.D.N.C. L.R. 11.1(a) (requiring pro se litigants to comply with the Federal Rules of Civil Procedure, the court's Local Rules, "and all other applicable law").

The Bank argues that remand is necessary for several reasons. Principal among them is the contention that the complaint fails to raise a claim under federal law and there is no diversity between the parties. Mapp's answer makes clear there is no diversity of citizenship under 28 U.S.C. § 1332. (Doc. 7 at 2 (alleging that the Bank and Mapp are citizens of North Carolina "for diversity purposes").) The question is whether federal question subject matter jurisdiction exists.

Removal is governed by 28 U.S.C. § 1441, which permits a

3

defendant to remove any action over which federal courts have original jurisdiction. Determination of the court's subject matter jurisdiction is made at the time of removal. Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998); McDonald v. AutoMoney, Inc., 21CV114, 2021 WL 5599501, at *2 (M.D.N.C. Nov. 30, 2021) ("The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal." (quoting Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013))). Subject matter jurisdiction must appear on the face of the complaint, not by way of a defense raised or in a counterclaim. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (2002). The burden of establishing federal jurisdiction rests with the party seeking removal, and if it is at all doubtful, remand is necessary. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). A motion to remand the case based on lack of subject matter jurisdiction may be made at any time. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Mapp's attempt to remove this action is patently frivolous. Mapp lacked any reasonable basis for seeking removal. The parties are not diverse, and there is no federal claim raised by the complaint. Plainly, the court lacks subject matter jurisdiction.

Worse, Mapp has grossly misapplied federal law in his response

4

brief.  As just one example, his citation to 28 U.S.C. § 1348 for the proposition that this court has jurisdiction over any action brought by or against a bank (Doc. 12 at 13) misrepresents the statute.  Section 1348 by its express terms applies only to "any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter."  This case is none of those.

Another example is Mapp's filing of a frivolous surreply with irrelevant attachments.  "[A] surreply is not generally allowed under this district's Local Rules."  Pathfinder Software, LLC v. Core Cashless, LLC, 127 F. Supp. 3d 531, 537 (M.D.N.C. 2015) (quoting Luna-Reyes v. RFI Constr., LLC, 57 F. Supp. 3d 495, 498 (M.D.N.C 2014)).  Mapp did not seek court approval to file his surreply.  "Generally, courts allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply."  Fulk v. Norfolk S. Ry. Co., 35 F. Supp. 3d 749, 751 n.1 (M.D.N.C. 2014) (quoting DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010)).  Absent a new argument, "a surreply is unnecessary."  Adefila v. Select Specialty Hosp., 28 F. Supp.

5

3d 517, 522 n.3 (M.D.N.C. 2014). Here, the Bank did not raise any new argument in its reply, so the surreply is totally unnecessary. Moreover, it and its attachments are filled with citations to irrelevant legal authority.

Mapp's filings bear all the hallmarks of a product of Artificial Intelligence. Whether or not Mapp used Artificial Intelligence, he, like any other litigant, whether pro se or represented, is bound by the Federal Rules of Civil Procedure. Johnson v. Town of Smithfield, No. 23-CV-349, 2024 WL 1336466, at *10 (E.D.N.C. Mar. 28, 2024) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). Rule 11(b)(2) provides that by signing a filing, an attorney or unrepresented party certifies that, to the best of his knowledge and after a reasonable inquiry, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The rule permits courts to sanction litigants for citations to non-existent case law, misrepresentations of case law, or frivolous legal arguments, regardless of the filer's pro se status. See, e.g., Ferris v. Amazon.com Servs., LLC, 778 F. Supp. 3d 879, 882 (N.D. Miss. 2025) (ordering a pro se plaintiff to pay the defendant's costs incurred in responding to fabricated citations). "Courts across the country have issued sanctions against attorneys and pro se parties for submitting fictitious case citations,

6

fictitious quotations, and related misrepresentations to the court." <u>United States v. Hayes</u>, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025) (emphasis added) (collecting cases).

This court has seen an increased use of Artificial Intelligence in briefs, especially by pro se filers. Any user of such tools, including a pro se filer, is still "obligated to read the legal authority he intends to rely upon, confirm its existence and validity, and confirm that it supports his legal contentions, before citing to that authority in any submission to this Court." <u>Allen v. W. Governors Univ.</u>, No. 25-cv-00325, 2026 WL 893368, at *1 (D. Nev. Mar. 31, 2026) (emphasis omitted). Obviously, Mapp did not do that.

Troublingly, Mapp has been warned in the past against pursuing frivolous claims:

> Mr. Mapp is warned that if he continues to file paper writings with no basis in fact or law, he is subject to sanctions. Lawsuits like this one waste the court's time and resources and are an abuse of the judicial process. If the plaintiff continues to make patently ludicrous assertions in court filings, the Court has inherent authority to impose sanctions. These may include a fine or a pre-filing injunction that restricts his access to the federal courts. <u>See</u> 28 U.S.C. § 1651(a); <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 817-18 (4th Cir. 2004); <u>Pippen v. Slaughter</u>, No. 19-CV-891, 2020 WL 2086136, at *5 (M.D.N.C. Apr. 30, 2020).

<u>Mapp v. Discover Bank</u>, 25cv144, 2025 WL 1431144, at *2 (M.D.N.C. Apr. 29, 2025).

Though the court lacks subject matter jurisdiction and will

7

remand the action, it does retain jurisdiction to consider the imposition of sanctions and/or reimbursement of actual expenses, including attorney fees, for Mapp's wholly frivolous filings. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); see Barlow v. Colgate Palmolive Co., 772 F.3d 1001, 1009 (4th Cir. 2014) (en banc) ("[D]istrict courts have jurisdiction to decide Rule 11 sanctions motions on the merits, even when they are filed after the underlying action is remanded to state court."). In light of the fact that over a year ago Mapp was warned not to make frivolous filings, the court will require Mapp to show cause why he has not violated Rule 11(b)(2) and why he should not be sanctioned. Further, if the Bank elects to file a motion and appropriate documentation for just costs and any actual expenses, including attorney fees, incurred as a result of the removal, the court may require Mapp to pay the Bank's such costs and expenses in lieu of any sanction that would be imposed pursuant to Rule 11.

**III. CONCLUSION**

For the reasons stated,

IT IS ORDERED that the Bank's motion to remand (Doc. 10) is GRANTED, and the action shall be REMANDED to the General Court of Justice, District Court Division, of Guilford County, North Carolina.

8

IT IS FURTHER ORDERED that Mapp shall file a document within 14 days, consistent with Rule 11, that shows cause why his patently frivolous removal of this action and his filing of briefing containing wholly inapplicable legal citations and propositions have not violated Rule 11(b)(2) and why he should not be sanctioned accordingly.

IT IS FURTHER ORDERED that the Bank shall have 14 days within which to file a motion for just costs and actual expenses, including attorney fees, incurred as a result of the removal, with supporting documentation, if it desires to receive reimbursement of such costs and expenses from Mapp.  If the Bank files such motion, Mapp shall have 14 days to file a response.

/s/   Thomas D. Schroeder
United States District Judge

May 15, 2026

9