IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BANK OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARREL MAPP,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26CV00077 |

**ORDER**

This case is before the court following the court's sua sponte order to show cause why the patently frivolous removal of the case by pro se Defendant Jarrel Mapp did not violate Rule 11(b)(2) of the Federal Rules of Civil Procedure. (Doc. 15.) In its prior Memorandum Opinion and Order, the court noted the utter lack of basis for the case's removal, Mapp's history of frivolous filings, and his previous warning from this court in separate litigation for making "patently ludicrous assertions." (Id. at 4-7 (quoting Mapp v. Discover Bank, No. 25-CV-144, 2025 WL 1431144, at *2 (M.D.N.C. Apr. 29, 2025)).) Mapp promptly filed a response, in which he acknowledged "that he lacked any reasonable basis for seeking removal." (Doc. 17 at 1.) He further contends that a stern warning would sufficiently deter him from further frivolous removals, though he notes that he would not oppose a reasonable award of the costs incurred by Plaintiff Bank of America (the "Bank") due to his frivolous removal. (Id. at 7.) Despite this

court's invitation to file a motion for costs and expenses pursuant to 28 U.S.C. § 1447(c), the Bank has declined to do so. (See Doc. 15 at 9.)

Rule 11(a) of the Federal Rules of Civil Procedure specifically includes unrepresented parties within its reach. By filing a document, Mapp, as the filer, certified that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2); see Peggs v. Ingle, No. 09cv327, 2009 WL 3208420, at *3 (M.D.N.C. Sept. 20, 2009) (citing Harmon v. O'Keefe, 149 F.R.D. 114, 117 (E.D. Va. 1993)), report and recommendation adopted sub nom., Peggs v. GMAC Mortg., LLC, 2009 WL 10680301 (M.D.N.C. Nov. 13, 2009). Because a sua sponte show cause order does not provide Rule 11's usual 21-day safe harbor provision, however, "a court is obliged to use extra care in imposing [sua sponte] sanctions on offending [filers]." In re Bees, 562 F.3d 284, 287 (4th Cir. 2009) (first alteration in original) (quoting Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 151 (4th Cir. 2002)). "Courts generally should reserve such sanctions for 'situations that are akin to a contempt of court.'" Id. (quoting Hunter, 281 F.3d at 151).

Here, Mapp's conduct violated Rule 11. As his response admits, the removal "was wholly frivolous" and "wast[ed] judicial resources and opposing counsel's time." (Doc. 17 at 1-2.) Case law from the Supreme Court of the United States has long made clear that a defendant's counterclaims and defenses cannot provide the basis for federal jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (2002); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, even considering his pro se status, Rule 11 sanctions are appropriate given the manifest frivolousness of Mapp's removal and the repeat nature of his conduct.

Upon determining "that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The amount of an appropriate Rule 11 sanction resides within the court's discretion, Fahrenz v. Meadow Farm P'ship, 850 F.2d 207, 211 (4th Cir. 1988), but the sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4). Though Rule 11 itself provides no factors to assist with the court's determination of an appropriate sanction, the Federal Rules Advisory Committee has identified several:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations.

Fed. R. Civ. P. 11(b)-(c) advisory committee's note to the 1993 amendment.

In determining the appropriate sanction, the court considers Mapp's pro se status as well as the accountability he has taken for his errors. Indeed, only one business day after the court's show cause order, Mapp filed his response in which he apologetically admitted his mistake in relying on inapt case law. (Doc. 17 at 1-2.) The court also credits his apparent willingness to pay the Bank's reasonable costs and expenses incurred because of his frivolous removal, though the Bank opted not to seek such reimbursement. (Id. at 7.) Thus, the court will admonish Mapp but not impose a monetary sanction for his Rule 11 violation. To be sure, however, should Mapp return to engaging in a frivolous filing with this court, the court will consider monetary sanctions or a pre-filing injunction.

For the reasons stated,

IT IS THEREFORE ORDERED that Defendant Jarrel Mapp is ADMONISHED for violating Rule 11(b)(2) of the Federal Rules of Civil Procedure.

/s/ Thomas D. Schroeder
United States District Judge

June 26, 2026